817 F.2d 756
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward H. LERCHEN, Jr., Plaintiff-Appellee,
v.
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., a Delaware
corporation; Russell G. Mann, Jr., and Thomas H.
Henson, jointly and severally,
Defendants-Appellants.
 No. 86-1158.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1987.
 
 Before MARTIN, WELLFORD and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Merrill Lynch, Pierce, Fenner & Smith, Russell Mann and Thomas Henson, defendants below, challenge the district court's ruling that they waived their right to arbitration in this securities fraud action. After reviewing the record, we agree with the district court that "the defendants have, by their affirmative actions, forfeited their contract right to arbitration" and we accordingly affirm.
 
 
 2
 This action began in April 1983 with the filing of Lerchen's complaint, the parties made a number of motions during 1984 and 1985 and proceedings developed as far jury selection, which occurred in October 1985. Both parties engaged in discovery during this long series of pleadings and motions. As the district court observed, the defendants' participation in the proceedings was extensive, and their posture throughout the proceedings was "as an active adversary preparatory to trial."
 
 
 3
 In balancing the equities, the district court found that the following factors mandated a denial of the defendant's motion to arbitrate:
 
 
 4
 The parties have engaged in discovery procedure unavailable in arbitration proceedings, the parties participated in a final pretrial. conference, the parties participated in selecting a jury panel on one occasion, defendants have brought a Motion in Limine for which the Court held an oral hearing, defendants brought emergency motions to compel discovery, plaintiff has prepared a trial brief, plaintiff has prepared jury instructions, and both parties were on notice that trial was imminent. The Court concludes that the issue of arbitration has been dormant throughout the extensive pretrial actions of the parties, and that the spector of arbitration was never an issue before the Court in any manner except within the defendants' affirmative defenses.
 
 
 5
 In view of these factors, we must agree that the defendants have, by their conduct and delay, waived their contractual right to arbitration. See American Locomotive Co. v. Chemical Research Corp., 171 F.2d 115, 121 (6th Cir. 1948), cert. denied, 336 U.S. 909 (1949); Reid Burton Construction v. Carpenters District Council, 614 F.2d 698 (10th Cir.), cert. denied, 449 U.S. 824 (1980). We also note that in view of our recent ruling in Serne v. Dean Witter Reynolds, 808 F.2d 480 (6th Cir. 1987), the defendants might not have been able to enforce the contractual arbitration provision even had they not waived that right.
 
 
 6
 The judgment of the district court is affirmed.